NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-574

BACK BEACH NEIGHBORS COMMITTEE

vs.

DEPARTMENT OF TRANSPORTATION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, the Back Beach Neighbors Committee (BBNC), appeals from the dismissal by a Superior Court judge of its complaint that sought to require the defendant, the Massachusetts Department of Transportation (MassDOT), to block vehicular access between Granite Street and Beach Street in the town of Rockport (town).  As a matter of law, the authority to grant the BBNC the relief it seeks does not lie with MassDOT; further, if MassDOT did have that authority, it could not be compelled to grant that relief.  Accordingly, we affirm.

Background.  We set forth the facts in the light most favorable to the BBNC as gleaned from the complaint and from the

BBNC's petition to MassDOT, which was incorporated within the complaint.

The BBNC is an unincorporated association of neighbors and abutters who own property on Beach Street or near Back Beach. The BBNC is concerned that Beach Street is unsafe because of issues including traffic. At its northern terminus, Beach Street intersects with Granite Street. The BBNC's complaint alleged, in the alternative, that Granite Street is either a county road or a State highway.

The BBNC submitted to MassDOT a petition requesting that, to limit traffic on Beach Street, MassDOT erect a barrier blocking vehicular access between Beach Street and Granite Street. The BBNC sought a hearing on its petition "either under G. L. c. 82 or G. L. c. 30A." MassDOT took no official action on the petition. A MassDOT official informed the BBNC by telephone that MassDOT lacked statutory and regulatory authority over Beach Street.

The BBNC filed the Superior Court complaint, alleging that MassDOT had violated G. L. c. 30A, § 14 (7), by failing to act on the BBNC's petition; violated G. L. c. 30A, § 4, by failing to promulgate regulations prescribing the process of petitioning; and violated its responsibility under G. L. c. 82, § 2, and G. L. c. 34B, § 6 (d), statutes pertaining to county

2

roads.  The relief sought included that the Superior Court should rule de novo on the BBNC's petition and order that vehicular access be blocked between Beach Street and Granite Street.[1]

MassDOT moved to dismiss the complaint pursuant to Mass. R. Civ. P. 12 (b) (6).  After a hearing, the judge allowed the motion to dismiss.  Noting that the BBNC's complaint alleged in the alternative that Granite Street is either a county road or a State highway, the judge concluded that, if it is a county road, its title was transferred to the town by G. L. c. 34B, § 6 (d), as amended by St. 2006, c. 336, § 4, which abolished county government and transferred authority over county roads to local towns.  The judge further concluded that if Granite Street is a State highway, and MassDOT has authority over the intersection of Granite and Beach Streets, the Superior Court could not order MassDOT to take the discretionary action of blocking that

_____

[1] The complaint also stated that the Superior Court "is legally empowered" to grant relief "[up to] and including" ordering revisions to the parking layout on Beach Street and ordering the town to better maintain Beach Street.  However, the BBNC's petition to MassDOT did not seek changes to the parking or maintenance of Beach Street.  The judge concluded that "the only remedial action [the BBNC] expressly sought was to discontinue the vehicular connection between Beach Street and Granite Street."  The BBNC does not argue on appeal that the judge should have reached the issues of parking or maintenance on Beach Street, and so we do not consider those issues.

intersection, which would be an impermissible exercise of mandamus power.  Judgment entered, and this appeal followed.

Discussion.  1.  G. L. c. 30A, § 4 relief.  The BBNC argues that the judge erred in ruling that the complaint failed to state a claim upon which relief can be granted, Mass. R. Civ. P. 12 (b) (6).  The BBNC contends that its complaint stated such a claim with the allegation that MassDOT had violated G. L. c. 30A, § 4, by failing to hold a hearing or take formal action on the BBNC's petition.[2]

Section 4 permits "[a]ny interested person" to "petition an agency requesting the adoption, amendment or repeal of any regulation."  G. L. c. 30A, § 4.  The statute defines "regulation" to "include[] . . . every rule, regulation, standard or other requirement of general application . . . adopted by an agency to implement or interpret the law enforced or administered by it" (emphasis added).  G. L. c. 30A, § 1 (5).  MassDOT's regulation promulgated to enforce § 4 requires that the petition "must contain . . . the complete text of the

_____

[2] In a separate count of the complaint, the BBNC alleged that MassDOT violated G. L. c. 30A, § 4, by failing to promulgate a regulation prescribing the process for petitioning. As the BBNC acknowledges on appeal, however, MassDOT has in fact promulgated such a regulation at 700 Code Mass. Regs. § 2.02(4)(c) (2020).

4

proposed new regulation."  700 Code Mass. Regs. § 2.02(4)(c)

(2020).

The BBNC argues that its petition amounted to a request for

promulgation of regulations pursuant to § 4 because the petition

sought "a forum in which to be heard on [the BBNC's] arguments

about the need for changes to the intersection."  We are not

persuaded.  The change that the BBNC sought here -- the blocking

of a single intersection -- would not be a rule of general

application.  See Construction Indus. of Massachusetts v.

Commissioner of Labor & Indus., 406 Mass. 162, 170-171 (1989)

(setting rate on each job project separately not rule of general

application, thus not regulation); Department of Pub. Health v.

Cumberland Cattle Co., 361 Mass. 817, 828 (1972) (agency's order

to remove cattle from dairy in response to particular violation

not regulation).

Further, the judge concluded that "neither BBNC's petition

nor its complaint advances any suggested regulatory enactment or

change."  After careful review of both pleadings, we agree.  The

BBNC never provided MassDOT with the text of any proposed

regulation.  Contrary to the BBNC's argument, the request in its

petition to MassDOT for "a hearing . . . under . . . G. L.

c. 30A" did not suffice.  That single reference to c. 30A,

5

without mention of § 4 or the text of any proposed regulation, was not a request for the adoption of a regulation.

2. Mandamus relief. The BBNC argues that its complaint also stated a claim for relief pursuant to G. L. c. 30A, § 14 (7), by seeking an order compelling MassDOT to block vehicular access between Beach Street and Granite Street. We agree with the judge that, assuming that MassDOT has authority over Granite Street, an order compelling it to take the discretionary action of blocking that intersection would be an inappropriate exercise of mandamus power.

Section 14 provides that "[e]xcept so far as any provision of law expressly precludes judicial review, any person . . . aggrieved by a final decision of any agency in an adjudicatory proceeding" may seek judicial review in the Superior Court, which may grant relief including remanding the matter to the agency for further proceedings "or compel[ling] any action unlawfully withheld or unreasonably delayed." G. L. c. 30A, § 14 (7). The judge concluded that the BBNC's complaint had not stated a claim under G. L. c. 30A, § 14, because authority over Granite Street had been transferred to the town by G. L. c. 34B, § 6 (d), which included the authority previously vested in the county under G. L. c. 82, § 2. Further, the judge reasoned, even if MassDOT did have authority over Granite Street, the

6

BBNC's claim was essentially seeking mandamus relief, and whether to block the intersection at Beach Street would be a discretionary decision by the agency not enforceable by mandamus.[3]

The BBNC argues that mandamus relief would be appropriate here. We disagree. Mandamus relief "is not appropriate to compel an official to perform a discretionary act." Padmanabhan v. Executive Director of the Bd. of Registration in Med., 491 Mass. 1031, 1032-1033 (2023), citing Boston Med. Ctr. Corp. v. Secretary of Executive Office of Health & Human Servs., 463 Mass. 447, 470 (2012). Rather, mandamus relief is appropriate to require "a government official to perform a clear cut duty'" (citation omitted). Mederi, Inc. v. Salem, 488 Mass. 60, 65 (2021). Mandamus relief "is extraordinary and may not be granted except to prevent a failure of justice . . . where there is no other adequate remedy" (quotation and citation omitted). Padmanabhan, supra at 1032.

We agree with the judge that the BBNC's request for MassDOT to block vehicular access between Beach Street and Granite Street sought a "one-time exercise of MassDOT's discretionary

---

[3] We do not reach the question whether Granite Street is a county road or a State highway, as it is unnecessary to our analysis.

authority."  Mandamus relief would not be appropriate where MassDOT either does not have the necessary authority to grant relief or cannot be compelled to grant the specific relief sought by the BBNC.

Judgment affirmed.

By the Court (Shin, Grant & Hershfang, JJ.[4]),

*Paul Little*

Clerk

Entered:  December 15, 2025.

---

[4] The panelists are listed in order of seniority.